# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 20-5089**

**September Term, 2020**

FILED ON: JUNE 25, 2021

ROBERT W. RODRIGUEZ,
      APPELLANT

v.

JULIE A. BLANKS, EXECUTIVE DIRECTOR, OFFICE OF THE UNDER SECRETARY OF DEFENSE FOR PERSONNEL AND READINESS, UNITED STATES DEPARTMENT OF DEFENSE,
      APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-00240)

---

Before: TATEL, MILLETT, and PILLARD, *Circuit Judges*.

## J U D G M E N T

This appeal from the United States District Court for the District of Columbia was considered on the record and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be **AFFIRMED**.

Retired Lieutenant Colonel Robert Rodriguez seeks review of the decision of Virginia Penrod, then-Chief of Staff for the Office of the Under Secretary of Defense for Personnel and Readiness, affirming a decision of the Army Board for Correction of Military Records. Although the Board found that Rodriguez had suffered retaliation for protected whistleblowing activities, it limited its remedy to removing a letter of reprimand from Rodriguez's file. The Board denied him other relief he sought, including a retroactive promotion.

Penrod claimed to have exercised authority delegated from the Secretary of Defense, but Rodriguez contends that the Secretary never properly delegated his authority to her. Rodriguez also argues that Penrod's review of the Board's decision violated Department regulations, the Military Whistleblower Protection Act, the Federal Vacancies Reform Act, and the Constitution's Appointments Clause. As the district court concluded, however, any possible issues with Penrod's

role were remedied by the Secretary's subsequent delegation to Jonathan Woodson, the Assistant Secretary of Defense for Health Affairs and a Senate-confirmed official, who reviewed and ratified Penrod's decision. *See Moose Jooce v. FDA*, 981 F.3d 26, 28 (D.C. Cir. 2020) ("This court has repeatedly recognized that ratification can remedy a defect arising from the decision of an improperly appointed official[.]"). Rodriguez argues that a provision of the Federal Vacancies Reform Act, 5 U.S.C. § 3348(d), renders Penrod's decision incapable of ratification. He also claims that that the Secretary could not properly re-delegate his authority to Woodson without first withdrawing previous delegations. But because Rodriguez failed to raise these arguments in the district court, "they have been forfeited." *Zevallos v. Obama*, 793 F.3d 106, 114 (D.C. Cir. 2015). Indeed, Rodriguez's latter argument is doubly forfeited since he raised it for the first time in his reply brief in this court. *See Rollins Environmental Services, Inc. v. EPA*, 937 F.2d 649, 653 n.2 (D.C. Cir. 1991) ("Issues may not be raised for the first time in a reply brief.").

We reject Rodriguez's numerous remaining arguments for the reasons stated in the district court's thorough and well-reasoned opinion. *See Rodriguez v. Penrod*, No. 18-cv-240, 2020 WL 686012 (D.D.C. Feb. 11, 2020).

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk